**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UFCW LOCAL ONE PENSION FUND and its**
**TRUSTEES: Frank C. DeRiso, John P. Barrett,**
**Robert Boehlert, Eric Glathar, Kristine Wydro**
**and Raymond Wardynski**

**and**

**UFCW LOCAL ONE HEALTH CARE FUND**
**and its TRUSTEES: Frank C. DeRiso, John P.**
**Barrett, I. Stephen Davis, Eric Glathar,**
**Donald E. Eliason, Gregory P. Gorea,**
**Kristine Wydro and Raymond Wardynski,**

**and**

**UFCW LOCAL ONE 401K SAVINGS FUND**
**and its TRUSTEES: Frank C. DeRiso, John P.**
**Barrett, Edward Colburn and Eric Glathar,**

        **Plaintiffs,**

 **vs.**             **6:12-CV-00632**
                  **(MAD/DEP)**
**ANAMI FOODS, LLC, d/b/a East Aurora Jubilee,**

         **Defendant.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| Slevin & Hart, P.C.<br>1625 Massachusetts Avenue, N.W.<br>Suite 450<br>Washington, D.C. 20036<br>*Attorneys for Plaintiffs* | Elizabeth A. Harlan, Esq. |
| Getnick, Livingston Law Firm<br>258 Genesee Street<br>Suite 401<br>Utica, NY 13502<br>*Attorneys for Plaintiffs* | Patrick G. Radel, Esq. |

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq.  Plaintiffs UFCW Local One Pension Fund ("Pension Fund") and UFCW Local One Health Care Fund ("Health Fund") and UFCW Local One 401K Savings Fund ("Savings Fund") brought this action to recover delinquent employee benefit contributions and withdrawal liability owed by defendant Anami Foods d/b/a Aurora Jubilee.  Plaintiffs move for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure seeking to collect the total outstanding amount of defendant's withdrawal liability and of defendant's employee benefit contributions, interest, liquidated damages, attorneys' fees and costs.

**II.   BACKGROUND**

The Court has taken the facts set forth below from plaintiffs' complaint.[1]  The Pension Fund, Health Fund and Savings Fund are joint labor-management benefit funds and multiemployer benefits plans that provide benefits to eligible employees of employers who contribute to the Plans pursuant to a Collective Bargaining Agreement ("CBA") between participating employers and union locals affiliated with United Food & Commercial Workers District Union Local One ("Local One").[2]  Defendant was a participating employer and signatory to the collective bargaining agreement.  Pursuant to the provisions in the Plans, defendant agreed to make certain benefit contributions to the Funds on behalf of all its covered employees.  Plaintiffs alleges that if defendant failed to fully comply with the terms of the Plans, defendant

---

[1] Defendant has submitted no contrary evidence as to the material facts.

[2] The record does not contain a copy of the collective bargaining agreement.

2

was obligated to pay all contribution delinquencies together with interest, liquidated damages, reasonable attorneys' fees and costs.

Defendant did not pay pension contributions, health contributions or 401K contributions for January 2009 and February 2009. On May 11, 2011, counsel for the Pension Fund and Health Fund sent a demand letter notifying defendant that it failed to pay contributions and interest on the contributions for the aforementioned months.[3] Defendant has not remitted payment for contributions or interest due to the Health Fund or Savings Fund.

On or about February 28, 2009, defendant withdrew from the Pension Fund. On or about June 13, 2011, the Pension Fund notified defendant, in accordance with 29 U.S.C. § 1399, that its withdrawal liability was $209,749.00 with the first quarterly payment due on or before July 1, 2011.[4] On September 29, 2011, plaintiffs notified defendant that it was delinquent in remitting its first quarterly payment and indicated that it would be in default if it did not pay within 60 days.[5] Despite these written notifications and demand for payment, defendant has failed, refused and/or neglected to pay any of the withdrawal liability.

On April 13, 2012, plaintiffs commenced this action by filing a summons and complaint seeking to collect delinquent contributions and withdrawal liability payments, together with interest, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g). Defendant has not answered the complaint or otherwise appeared. Plaintiffs obtained a Clerk's Entry of Default Judgment on May 21, 2012. Plaintiffs now move (Dkt. No. 12) for default judgment against defendant for the following amounts: $1,778.21 in delinquent contributions to the Pension

---

[3] The letter is not part of the record herein.

[4] The notification is not part of the record herein.

[5] The notification is not part of the record herein.

3

Fund with interest, liquidated damages and attorneys' fees; $209,749.00 in withdrawal liability for the Pension Fund with interest, liquidated damages and attorneys fees; $24,744.00 in delinquent contributions to the Health Fund, with interest, liquidated damages, delinquent payroll-deducted employee contributions and attorneys' fees; and $656.00 in delinquent contributions to the Savings Fund, with interest, liquidated damages and attorneys' fees.

### III.   DISCUSSION

#### A.   Jurisdiction

This Court has subject matter jurisdiction as the action arises under ERISA.

#### B.   Default Judgment

"Under Rule 55(b) default judgment shall be entered if a defendant has failed to plead or otherwise defend an action." *Parise v. Riccelli Haulers, Inc*., 672 F. Supp. 72, 74 (N.D.N.Y. 1987).  Fed. R. Civ. P. 55(b)(2) and Local Rule 55.2 set forth the procedural prerequisites plaintiffs must meet before a motion for default motion may be granted.  Plaintiffs must: (1) properly serve defendant with a summons and complaint (to which no response has been made); (2) obtain an entry of default; and (3) provide an affidavit setting forth the facts required by L.R. 55.2(a), including an affidavit of non-military service and evidence that defendant is neither an infant nor incompetent. *See* Fed. R. Civ. P. 55(b)(2); N.Y.N.D.L.R. 55.1 and 55.2.

As referenced above, plaintiffs filed a complaint on April 13, 2012.  The summons and complaint were served on defendant on April 17, 2012.  Plaintiffs aver defendant never answered or otherwise moved with respect to the complaint, thus on May 21, 2012, plaintiffs requested a clerk's entry of default.  Said default was entered on May 21, 2012.  On June 18, 2012, plaintiffs filed a notice of motion for default judgment pursuant to Fed. R. Civ. P. 55(a) and 55(b)(2).

Therefore, plaintiffs have fulfilled the procedural prerequisites for default judgment. Accordingly, the Court will address liability.

### C. Liability

"A party's default is deemed to constitute a concession of all well-pleaded allegations of liability." *Resolution Trust Corp. v. Forney*, 1993 WL 261415, *1 (W.D.N.Y. 1993) (citing *Greyhound Exhibitgroup v. E.L.U.L. Realty*, 973 F.2d 155, 158 (2d Cir. 1992). The allegations in plaintiffs' complaint and supporting papers are therefore presumed accurate. Pursuant to 29 U.S.C. § 1145, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

Here, plaintiffs assert that defendant failed to comply with the terms of the plans resulting in delinquent contributions, withdrawal liability and liquidated damages. Plaintiffs further assert that pursuant to 29 U.S.C. § 1132(g)(2), the Funds shall be awarded interest on the unpaid contributions, the greater of liquidated damages or an additional interest award, reasonable attorneys' fees and costs. Therefore, defendant's conduct, as alleged, stands in violation of its agreement with the Funds. By failing to answer plaintiffs' complaint or oppose this motion, defendant has effectively conceded that it is bound by the terms of the participation agreement it entered into with the Funds or their representatives, and is liable for the entire amount of as assessed by the Funds, as well as interest, liquidated damages, costs, and attorneys' fees.

### D. Damages

Where a violation of 29 U.S.C. § 1145 has occurred, ERISA authorizes plaintiffs to enforce an employer's obligations to remit contributions in accordance with the terms of the

collective bargaining agreement, to wit, delinquent contributions, interest, liquidated damages, and attorneys' fees and costs. See 29 U.S.C. § 1132(g)(2)(A-D). However, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). The Court "must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id*.

In relevant part, 29 U.S.C. § 1132(g)(2) provides:

In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 [29 USCS § 1145] in which a judgment in favor of the plan is awarded, the court shall award the plan-

(A)     the unpaid contributions,
(B)     interest on the unpaid contributions,
(C)     an amount equal to the greater of--
    (i)     interest on the unpaid contributions, or
    (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
(D)     reasonable attorney's fees and costs of the action, to be paid by the defendant, and
(E)     such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

In support of their claims for damages, plaintiffs have submitted an affidavit from Andrea D. Goldberger, the Administrative Director of the Funds, affidavits from their counsel and the complaint. In her affidavit, Ms. Goldberger states that he has personal knowledge of the amounts currently owed by defendant.

6

### 1.     **Damages Derived from Withdrawal from Pension Plan**

The Multiemployer Pension Plan Amendments Act ("MPPAA") requires an employer that withdraws from a multiemployer pension plan to pay its proportionate share of the plan's unfunded vested employee benefits, the so-called withdrawal liability." *Bowers v. Andrew Weir Shipping, Ltd.*, 27 F.3d 800, 803 (2d Cir.1994) (citing 29 U.S.C. §§ 1381 (1988), 1391 (1988 & Supp. IV 1992)). The withdrawal liability represents "the employer's proportionate share of the plan's 'unfunded vested benefits,' calculated as the difference between the present value of vested benefits and the current value of the plan's assets." *Pension Benefit Guar. Corp. v. R.A. Gray & Co.*, 467 U.S. 717, 725 (1984)).  Under ERISA, to dispute the fact or amount of withdrawal liability, an employer must seek arbitration in a timely manner after receiving notice that it is subject to withdrawal liability. 29 U.S.C. § 1401(a)(1). "Failure to initiate the review and arbitration procedure constitutes a waiver of defense to the fact or the amount of the corporation's withdrawal liability." *Retirement Fund of the Fur Mfg. Indus. v. Strassberg & Tama, Inc*., 1989 WL 87483, at *2 (S.D.N.Y.1989). Additionally, plaintiffs are entitled to an award of interest, liquidated damages, and attorney's fees and costs. *See* 29 U.S.C. § 1451(b) ("In any action ... to compel an employer to pay withdrawal liability, any failure of the employer to make any withdrawal liability payment within the time prescribed shall be treated in the same manner as a delinquent contribution"); *see also* 29 U.S.C. § 1132(g) ("in any action [involving delinquent contributions] ... in which a judgment in favor of the plan is awarded, the court shall award the plan ... (B) interest ... (C) an amount equal to the greater of (I) interest on the unpaid [withdrawal liability], or (ii) liquidated damages ..., (D) reasonable attorney's fees and costs").

Here, plaintiffs calculated the amount owed as $261,798.01.  This amount includes: $209,749.00 in withdrawal liability, $1,778.21 for delinquent contributions, $8,321.00 in interest

7

and $41,949.80 in liquidated damages. However, plaintiffs have failed to submit evidence of such damages. Plaintiffs attempt to introduce facts through the affidavit of Andrea Goldberger, the Administrative Director of the Funds. Ms. Goldberger's affidavit refers to the collective bargaining agreement and letters sent by the Funds to defendant. None of the aforementioned documents are found in the record. While defendant is held to have admitted well-pleaded allegations, the amount of monetary damages plaintiffs request is not sufficiently supported and the record is entirely inadequate to enable this Court to independently determine the proper amount of damages due under the collective bargaining agreement. *See Ironworkers Local 6 Health Care Fund v. Stumm-Western Constr.*, 1996 WL 528613, at *2 (S.D.N.Y. 1996) (the claims in the complaint are based substantially upon the collective bargaining agreement which is not part of the record; thus, the contribution principal allegedly delinquently paid was not ascertainable, and the interest rate(s) assessed and penalties were unspecified); *see also Trustees of Empire State Carpenters Welfare, Pension, Annuity, Apprenticeship, Charitable Trust, Labor Mngt. Co-op. v. Reidman Constr. Corp.*, 2012 WL 4027569, at *2 (E.D.N.Y. 2012) (the plaintiffs failed to provide the relevant portions of the Agreement, making it impossible for the Court to ensure that there is a reasonable basis for the damages sought).

Consequently, the Court has no competent admissible evidence upon which to base an award of damages. Further, while the Court "may conduct [a] hearing[]" to resolve issues of damages, plaintiffs have not requested a hearing. Moreover, in light of the specific nature of the damages sought, the Court finds that a hearing is not an appropriate procedure through which to assess damages in this case. *See* Fed. R. Civ. P. 55(b). Accordingly, plaintiffs' request for entry of judgment against defendant is denied with leave to reapply with competent admissible evidence of damages.

8

### 2. **Damages Derived from Failure to Pay Contributions**

Plaintiffs allege that defendant currently owes $37, 944.42 to the Health Fund consisting of $26,120.28 in delinquent employee benefit contributions to the Health Fund, $6,600.21 in interest calculated through June 30, 2012, and $6,600.21 in liquidated damages. Additionally, plaintiffs allege that defendant currently owes $1.009.98 to the Savings Fund which consists of $656.00 in delinquent contributions, $176.99 in interest through June 30, 2012 and liquidated damages in the amount of $176.99. The rate of interest to be applied to such an award is governed by the relevant Agreements. 29 U.S.C. § 1132(g)(2)(B). As stated above, plaintiffs have failed to provide the proper documentary evidence to support these claims. Plaintiffs shall be permitted to reapply as stated above.

### 3. **Attorney's Fees and Costs**

There is evidence in admissible form regarding attorneys' fees and costs. The Court will, however, refrain from calculating any award at this time and instead await plaintiffs' supplemental submissions regarding admissible evidence damages.

## IV. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that in view of default by defendant in failing to answer the complaint or make any appearance in this matter and the Clerk of the Court having entered default by defendant on May 21, 2012, and no appearance or objection having been made by defendant since that time, plaintiffs' motion for default judgment (Dkt. No. 12) against defendant is **GRANTED**; and it is further

**ORDERED** that plaintiffs' motion (Dkt. No. 12) is otherwise **DENIED** with leave to reapply for damages within thirty (30) days of the date of this Order.

**IT IS SO ORDERED.**

Dated:  January 10, 2013
         Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge